MR. JUSTICE MORRISON,
dissenting:
I concur in the very learned discussion of Mr. Justice Hunt contained in his dissent filed to the majority opinion. I add these comments.
Trenching in soft ground, as was done here, involves inherent risk unless certain precautions are taken. The fact that those precautions are necessary to eliminate the risk does not avoid application of “nondelegable duty”.
Trenching involves inherent risk imposing a nondelegable duty upon the owner and general contractor. The principals then become liable for the negligence of COP, including the foremen. Any negligence on the part of the plaintiff should be submitted to the jury under the comparative negligence statute.
The majority opinion, in light of Ulmen v. Schwieger (1932), 92 Mont. 331, 12 P.2d 856, would be bound to come to the same conclusion except the majority opinion finds trenching to not be “work dangerous absent special precautions.” Trenching is obviously dan *535 gerous in the absence of special precautions and that is why special precautions were to be taken. I am at a loss to understand how the majority comes to its conclusion except to follow the North Dakota Supreme Court. The Montana position as articulated by the majority runs contrary to the Restatement illustrations and the decisions of nearly every other jurisdiction which has treated trenching cases.
This case should be remanded for trial under an instruction which submits nondelegable duty as defined in Section 416, Restatement (Second) of Torts (1981). The jury might find that the plaintiff and COP’s foreman were equally negligent and equally responsible for the plaintiff’s injuries. The negligence of the foreman would become the negligence of Bechtel and Montana Power Company. Under these circumstances the plaintiffs recovery would be reduced by 50% but the plaintiff would still recover the remaining 50% of his total damages.
With these comments, I concur in the dissent of Mr. Justice Hunt.